16-4167
Rao v. Sessions

BIA
Vomacka, IJ
A200 181 152

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of February, two thousand eighteen.

PRESENT: DENNIS JACOBS,
        PETER W. HALL,
        SUSAN L. CARNEY,
            *Circuit Judges.*
_____

AI HUA RAO,
        *Petitioner,*

        v.                                        16-4167
                                                  NAC
JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:          Dehai Zhang, Flushing, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Briena L.
                         Strippoli, Senior Litigation
                         Counsel; Karen L. Melnik, Trial
                         Attorney, Office of Immigration
                         Litigation, United States
                         Department of Justice, Washington,
                         DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ai Hua Rao, a native and citizen of the People's Republic of China, seeks review of a November 28, 2016, decision of the BIA affirming a January 13, 2016, decision of an Immigration Judge ("IJ") denying Rao's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ai Hua Rao,* No. A200 181 152 (B.I.A. Nov. 28, 2016), *aff'g* No. A200 181 152 (Immig. Ct. N.Y. City Jan. 13, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Security*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a

2

credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.  Substantial evidence supports the agency's determination that Rao was not credible as to her claim that Chinese family planning officials terminated a pregnancy and ordered her to be sterilized under China's family planning policy.

The agency reasonably relied on Rao's demeanor and inconsistent testimony to find her not credible.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005) (providing that particular weight is given to the trier of fact's assessment of demeanor); *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our review of observations about an

3

applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony."). As the IJ found, Rao gave the impression that she was testifying from a memorized script because her testimony was clear, concise, and consistent on direct examination, but became unresponsive, confused, and inconsistent (internally and with other evidence) on cross-examination regarding the following: how many times family planning officials took her by force to undergo family planning procedures; whether and when her husband's and mother-in-law's houses were demolished; and how family planning officials discovered that she was living in the United States. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Li Hua Lin*, 453 F.3d at 109. Rao did not compellingly explain the record inconsistencies. *See Majidi*, 430 F.3d at 80.

Having questioned Rao's credibility, the agency reasonably relied further on her failure to submit corroborating evidence sufficient to rehabilitate her testimony. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The IJ reasonably gave little weight to an unsworn letter from Rao's husband because he was an interested witness who was not subject to cross-examination

4

and because he had relied on Rao's written statement to write his letter. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013); *see also Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 524 (2d Cir. 2007). Similarly, the agency reasonably afforded limited weight to Rao's brother's affidavit and testimony given that he was an interested witness and he did not have firsthand knowledge of Rao's persecution claim or entry into the United States. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (providing that a determination of the weight of evidence is largely a matter of agency discretion). The agency also reasonably declined to credit a village committee notice, which stated that Rao and her husband are "targets for sterilization," because the notice does not identify the author and is handwritten on letterhead without a signature, and because correspondence from the Fujian Province Population and Family Planning Commission appended to the 2007 State Department Profile of Asylum Claims and Country Conditions states that village committees do not have the authority to issue such notices. *Id.; see also In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 214-15 (BIA 2010) (according little weight to a

sterilization notice based on the family planning letter appended to the 2007 Profile), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133-38 (2d Cir. 2012).

Given the demeanor, inconsistency, and lack of corroboration findings, the agency's adverse credibility determination is supported by substantial evidence. 8 U.S.C. § 1158(b)(1)(B)(iii). That determination is dispositive of Rao's claims for asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6